IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81911 |
| | ) | |
| PHOENIX SYSTEMS & | ) | |
| COMPONENTS, INC., | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

      Hearing was held in Omaha, Nebraska, on January 4, 2007,[1] on the motion for relief from stay (Fil. #10) filed by creditor First State Bank, and an objection by Debtor (Fil. #27). Howard T. Duncan appeared for Debtor. Brian D. Nolan and Sue Stryker appeared for the creditor.

      Debtor is indebted to First State Bank pursuant to two promissory notes totaling approximately $425,000.00, which notes are secured by various security agreements encumbering Debtor's inventory, chattel paper, accounts, equipment, and general intangibles. The collateral consists primarily of insulated concrete forms owned by Debtor and a patent on the concrete forming systems, bearing Patent No. 6,378,260. Debtor has filed an adversary complaint in this Court asserting that the security interest obtained by First State Bank in the patent is an avoidable preference and/or a fraudulent transfer. Debtor has not raised any dispute as to First State Bank's security interest in the other collateral.

      Debtor's representatives testified at the first meeting of creditors that Debtor currently is not operating and discontinued operating around July 1, 2006. The reason for discontinuing operations was the lack of operating capital, including the inability to meet payroll. Debtor currently has no employees. Debtor's representatives further testified that they have been seeking additional funding to allow Debtor to recommence operations, but Debtor has no firm commitments for any such funding at this time. There is currently pending before this Court a motion to convert to Chapter 7 filed by the United States Trustee (Fil. #26) for, among other reasons, the lack of any reasonable likelihood that Debtor will be able to obtain confirmation of a plan within a reasonable time.

      At the hearing, counsel for Debtor acknowledged the foregoing, but asserted that Debtor is diligently working on obtaining new capital. Counsel further asserted that if Debtor does not obtain new operating capital by February 15, 2007, Debtor will proceed to liquidate and will concede its battle with First State Bank over the lien on the patent. First State Bank, on the other hand, asserts that the granting of immediate relief from the bankruptcy stay will enable it to maximize its recovery on the collateral. Specifically, First State Bank asserts that potential users of the insulated concrete forms need to know now whether the forms can be acquired in order to be prepared for the commencement of the spring construction season.

---

[1] Chief Judge Timothy J. Mahoney presided over the hearing and took this matter under advisement. The undersigned has had the opportunity to review the record and to listen to the digital audio recording of the hearing.

Under 11 U.S.C. § 362(d)(1), relief from the automatic stay may be granted "for cause," including a lack of adequate protection. Here, Debtor's primary secured creditor is not getting paid, nor is the landlord at Debtor's place of business. Debtor has been trying to obtain new capital for the better part of the last year and one-half, but has not had success. It has been over six months since Debtor last was an operating entity. With the exception of the lien on the patent, Debtor does not dispute the existence and validity of First State Bank's security interest. First State Bank has presented a colorable argument that an opportunity to sell the insulated concrete forms will be missed if it cannot do so immediately and the value of the insulated concrete forms owned by the Debtor will rapidly decline. Debtor has not presented any evidence of the ability to obtain financing to enable it to reorganize. Accordingly, First State Bank is not adequately protected and cause exists to grant relief from the automatic stay to allow First State Bank to exercise its rights in and to its collateral.

However, since there is an adversary proceeding pending at this time with respect to the avoidability of First State Bank's lien against the patent, relief from the automatic stay is not granted as to that item of collateral. First State Bank presented the affidavit of Robert Kment which asserted that "the molds have a limited market and a limited time in which they can be sold," but did not present any similar urgency as to the patent. Further, there is no evidence that the patent will significantly decrease in value over the next month or so while Debtor decides whether to continue pursuing new capital infusion and whether to continue pursuit of its adversary proceeding against First State Bank with respect to the patent.

IT IS ORDERED: That the motion for relief from stay filed by First State Bank (Fil. #10) is granted as to First State Bank's right to pursue its state law remedies as to any items of collateral in which it has a duly perfected security interest, other than Patent No. 6,378,260. Relief from the automatic stay to exercise any rights with respect to the patent is hereby denied at this time. The 10-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived.

DATED: January 10, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Howard T. Duncan
    *Brian D. Nolan
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.